## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LONNIE J. KAHOE, SR.**                                       CIVIL ACTION

**VERSUS**                                                              No. 22-3354

**JUAN FIOL, ET AL.**                                               SECTION I

## ORDER & REASONS

Before the Court is *pro se* plaintiff Lonnie J. Kahoe, Sr.'s ("Kahoe") "motion for judicial review"[1] and "motion for writ of error coram nobis."[2] For the reasons below, the Court denies the motions. The United States Magistrate Judge has provided a report and recommendations[3] in this matter. To the extent Kahoe's motions are intended as objections to the report and recommendations, the Court overrules the objections.

This matter relates to a criminal case pending against Kahoe in state court.[4] Kahoe has named the following individuals as defendants: public defenders Juan Fiol, Sierra Thompson, and Derwyn Bunton (the "public defenders"); the public defenders' investigator Sara Jones; mental health providers Lionel King, James Brad McConville, Sarah Deland, and Jose Artecona (the "mental health providers"); prison social worker C Robinson-Jackson; Orleans Parish Criminal Court Section I minute clerk Claire Lavaccari; and Orleans Parish Criminal Court Section I law clerk

---

[1] R. Doc. No. 11.
[2] R. Doc. No. 12.
[3] R. Doc. No. 9.
[4] Kahoe has filed a separate but related case against different defendants, also pending in this Court. E.D. La. Case No. 22-3110, *Kahoe v. Salcedo et al.*

Michael G. Riehlmann. Kahoe alleges that these individuals have participated in misconduct related to his representation, bond, mental competency evaluations, and mental health and drug treatment.[5] Kahoe alleges his claims under 42 U.S.C. § 1983, though his complaint also invokes racketeering and RICO.

The Magistrate Judge assigned to this matter concluded that the public defenders and public defenders' investigator could not be properly sued pursuant to § 1983 because they are not state actors; that the mental health providers are entitled to quasi-judicial immunity for acts taken in connection with Kahoe's mental competency evaluation; that Kahoe did not sufficiently allege that the prison social worker was indifferent to Kahoe's medical needs or denied him care and therefore failed to state a claim for a violation of the Eighth Amendment; and that the minute clerk and law clerk were entitled to quasi-judicial immunity for actions taken in connection with court hearings.[6] The Magistrate Judge also concluded that Kahoe's complaint failed to allege the essential elements of a civil RICO suit,[7] and recommended that any of Kahoe's claims asserted pursuant to state law be dismissed without prejudice.[8]

In Kahoe's "motion for judicial review," he asks that the Court "grant a judicial review" of hearings that allegedly took place with regard to Kahoe's criminal case, to review "jail video monitor recordings of alleged mental assessments" and "alleged

---

[5] *See generally* R. Doc. No. 4. A more extensive summary of Kahoe's factual allegations may be found in the Magistrate Judge's report and recommendations. R. Doc. No. 9.
[6] R. Doc. No. 9, at 11–17.
[7] *Id.* at 17–18.
[8] *Id.* at 18–19.

mental incompetence evaluations . . . along with mental status hearings in court."[9] Kahoe argues that these records "will prove, without a shadow of doubt, that the defendants accused are in fact" involved in the misconduct alleged.[10] To the extent this motion is an objection to the Magistrate Judge's recommendations, it does not state grounds for determining that the recommendations are legally incorrect. Otherwise, the motion appears to be a discovery request regarding claims that the Court has concluded should be dismissed. Accordingly, the motion will be denied.

As stated, Kahoe has also filed a "motion for writ of error coram nobis." "The writ of coram nobis is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (quotation and citation omitted). Additionally, "the writ of error coram nobis is not available in federal court to attack state criminal judgments." *Back v. Amarillo Police Dept.*, 673 F. App'x 458 (5th Cir. 2017) (per curiam) (quotation and citation omitted). Kahoe is currently in custody on state charges, and he does not represent that any final judgment has been rendered against him. Accordingly, the writ of error coram nobis is not available to him.

---

[9] R. Doc. No. 11, at 1–3.
[10] *Id.* at 3.

In the coram nobis motion, Kahoe asserts that certain facts exist that, if on record, "would have resulted in a different judgment of mental competency." He again "asks for a review of Zoom video/audio recordings of alleged sanity commission evaluations" and other hearings. As above, to the extent the motion is an objection to the Magistrate Judge's recommendations, it does not state grounds for concluding that the recommendations are incorrect. To the extent that Kahoe's motion challenges the correctness of his competency evaluations, those challenges must be directed to the state court presiding over those proceedings. To the extent that he again seeks discovery regarding claims that the Court has concluded should be dismissed, the motion is improper and will be denied.

Accordingly,

**IT IS ORDERED** that the Report and Recommendations of the United States Magistrate Judge is approved and the Court adopts it as its opinion in this matter.

**IT IS FURTHER ORDERED** that plaintiff Lonnie J. Kahoe's 42 U.S.C. § 1983 claims and RICO claims against defendants Juan Fiol, Sierra Thompson, Derwyn Bunton, Sara Jones, Lionel King, Dr. James Brad McConville, Dr. Sarah Deland, Dr. Jose Artecona, and C. Robinson-Jackson, Claire Lavaccari, and Michael Riehlmann are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant.

**IT IS FURTHER ORDERED** that, because the Court declines to exercise supplemental jurisdiction, Kahoe's state law claims of legal and medical malpractice, slander, defamation, and fraud are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Kahoe's motions[11] are **DENIED**.

New Orleans, Louisiana, March 6, 2023.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[11] R. Doc. Nos. 11, 12.